**Vincent CHAN, Petitioner—Appellant,**

v.

**Carlos A. URANGA, Judge of the Municipal Court of the State for the County of Los Angeles, Alhambra Judicial District, Respondent—Appellee.**

No. 03–55050.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2004.*

Decided May 27, 2004.

Hugo N. Torbet, Esq., Law Offices of Hugo N. Torbet, San Francisco, CA, for Petitioner–Appellant.

George M. Palmer, Matthew G. Monforton, Esq., District Attorney, Los Angeles, CA, for Respondent–Appellee.

Before: BROWNING, RYMER, and GRABER, Circuit Judges.

## MEMORANDUM **

Vincent Chan was convicted of driving under the influence of alcohol with a spe-

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

cial finding of willfully refusing to submit to a chemical test. He now appeals the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus. His request for a certificate of appealability was granted with respect to the issue whether perjury was used to obtain his conviction.

We review the district court's decision to deny the 28 U.S.C. § 2254 habeas petition de novo. *McClure v. Thompson,* 323 F.3d 1233, 1240 (9th Cir.2003). Findings of fact made by the district court are reviewed for clear error. *Id.*

## DISCUSSION

Under the Due Process Clause, "a conviction obtained by the knowing use of perjured testimony is fundamentally unfair, and must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." *United States v. Agurs,* 427 U.S. 97, 103, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976) (footnote omitted). The precondition to the application of this principle is that Officer Randolph committed perjury. This requires proving that Randolph not only gave false testimony, but that he did so with a willful intent to testify falsely. *See United States v. Dunnigan,* 507 U.S. 87, 94, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993).

There was ample evidence in the record from which one could conclude that Officer Randolph's testimony arose from a faulty memory or a mistake, rather than a willful intent to lie. Accordingly, we hold that the district court's conclusion that the evidence did not warrant a finding of willful falsity was not clearly erroneous.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

The district court's denial of Chan's 28 U.S.C. § 2254 petition for writ of habeas corpus is AFFIRMED.